**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alced BROUSSARD, Defendant—**
**Appellant.**

No. 05–10496.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2006.

Submission Withdrawn June 27, 2006.

Resubmitted Aug. 30, 2006.

Decided Sept. 1, 2006.

Carl M. Faller, Jr., Esq., Kevin P. Rooney, Esq., USF—Office of the U.S. Attorney, Fresno, CA, for Plaintiff–Appellee.

Patience Milrod, Esq., Fresno, CA, for Defendant–Appellant.

Before: HUG and O'SCANNLAIN, Circuit Judges, and BENITEZ,* District Judge.

### MEMORANDUM **

Alced Broussard was convicted by a jury of two counts of distributing cocaine base, one count of possession of PCP with intent to distribute, and one count of conspiracy to distribute over 50 grams of a mixture containing cocaine base. The district court sentenced Broussard to 300 months in prison on each of the four counts, to be served concurrently.

Broussard appeals his convictions, claiming that the prosecution engaged in misconduct by referring to excluded testimony in closing argument. He also appeals his sentence, contending that the sentencing

court erred by finding that he had committed a crime of violence and was a career offender as a result of a prior conviction for escape.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the conviction. However, we hold that the court erred in finding Broussard to be a career criminal and remand for resentencing in accordance with this holding.

### Discussion

#### I. The Convictions

Broussard contends that the prosecution engaged in misconduct during closing argument by referring to testimony the court had ordered stricken. In particular, Broussard argues that the district court struck the entirety of Henry Moreno's testimony regarding an alleged October 2002 trip, but the prosecutor referred to that testimony in closing argument. If a defendant asserts a different objection on appeal than the objection raised at trial, review is for plain error. *United States v. Brock,* 667 F.2d 1311, 1317 (9th Cir.1982). Here, Broussard did object during the closing argument, but not on the basis of prosecutorial misconduct. Thus, our review is for plain error.

It is impermissible for a prosecutor to suggest that information not in evidence supports its case. *Downs v. Hoyt,* 232 F.3d 1031, 1038 (9th Cir.2000). Here, the parties disagree about whether the district court struck in its entirety Moreno's testimony regarding the alleged October 2002 trip. The record shows that Broussard objected only during the answer to one of the questions about that alleged trip. The judge sustained that objection, but struck

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

only the last part of that one answer, which concerned why Moreno did not go to Oklahoma on the alleged October trip. Thus, the district court did not strike Moreno's testimony regarding Broussard's alleged role in the October trip.

In his closing argument, the prosecutor specifically stated that Broussard "was to drive a blue car *and he was to carry the load, the drugs*" during the October trip. However, Moreno never explicitly testified that the drugs were in the car driven by Broussard on the October trip, saying only that Broussard and Trent Davis left with "two birds and PCP." Regardless of whether it was misconduct for the prosecutor to make the statement in closing that Broussard was to drive a car and carry the load, it is clear that the district court's decision to allow the prosecutor's statement could not have risen to the level of plain error. For several reasons, it is apparent that the convictions and sentences would have been the same without the prosecutor's statement. First, Trent Davis stated under oath and agreed in his own plea agreement that: 1) he had conspired with Broussard to distribute cocaine base to the confidential informant; and 2) on December 19, 2002, he and Broussard had attempted to transport PCP in a motor home with the intent to distribute it.

Second, the jury verdict form does not include an October date for any of the possession or distribution counts. Because the jury verdict form included a date of "on or about December 19, 2002" for Count 4, possession with intent to distribute PCP, it is clear that the jury convicted Broussard for PCP possession based on Moreno's extensive testimony regarding

the *December* 2002 trip, not on anything the prosecutor said in closing about an alleged *October* 2002 trip. Similarly, the jury verdict form clearly shows that the jury believed that, on or about November 18, 2002, Broussard distributed cocaine base and that the mixture containing the cocaine base was over 50 grams. On its own, Broussard's agreement with Davis to distribute those 83.4 grams on November 18, 2002 would have supported the jury's conviction for conspiracy to distribute cocaine base. Moreover, that quantity would have triggered the 240–month mandatory minimum sentence.

Third, during the sentencing hearing, the judge made it clear that he was not counting any drugs from the alleged October 2002 trip. Thus, the judge did not rely on the alleged October 2002 trip to calculate the Guidelines range, establish the statutory mandatory minimum sentence, or determine the final 300–month sentence.

Therefore, even if the prosecutor's statement in closing impermissibly led the jury to believe that Broussard had transported drugs in his car in October 2002, this erroneous belief had no impact on Broussard's convictions or sentences. Accordingly, any misconduct could not have affected Broussard's substantial rights or seriously affected the fairness, integrity, or public reputation of the judicial proceedings.[1] We therefore affirm the convictions.

## II. *Sentencing*

 The district court categorized Broussard's prior conviction for escape as

---

1. To the extent that Broussard claims that the convictions should be reversed on hearsay grounds, we review for plain error because Broussard did not object at trial to any of the purported hearsay that could have been prejudicial to him. For the same reasons that the alleged prosecutorial misconduct did not af-

fect Broussard's substantial rights or affect the fairness, integrity, or public reputation of the judicial proceedings, the admission of the statements that Broussard claims were hearsay also did not affect those rights and concerns.

a crime of violence.[2] Pursuant to section 4B1.1[3] of the Sentencing Guidelines, the court therefore determined that Broussard was a career offender and calculated the offense level, criminal history, and resulting Sentencing Guidelines range based on this determination. Broussard contends that it was error for the district court to find that his escape conviction was for a "crime of violence."[4]

We review the district court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006). We also review *de novo* the determination of career offender status under U.S.S.G. § 4B1.1. *United States v. Kelly*, 422 F.3d 889, 891–92 (9th Cir.2005). If we determine on appeal that there was a material error in the Sentencing Guidelines calculation that served as the starting point for the district court's sentencing decision, we must remand for resentencing. *Cantrell*, 433 F.3d at 1279.

The categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 110

S.Ct. 2143, 109 L.Ed.2d 607 (1990), governs the inquiry into whether a particular conviction satisfies the elements of a sentence enhancement provision. *United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir.2006). Thus, the *Taylor* approach applies to the issue of whether a conviction for escape qualifies as a "crime of violence". *Id.* The court begins with the unmodified categorical approach. Under this approach, the court does not examine the facts underlying the prior offense, but looks only to the fact of conviction and the statutory definition of the prior offense. *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143. If the court finds that the relevant statute would support a conviction that does not fit the Guidelines definition of "a crime of violence," then the conviction does not qualify as a predicate offense under the unmodified categorical approach. *Piccolo*, 441 F.3d at 1086.

In *Piccolo*, we held that, if an escape statute encompasses walkaway escapes in addition to escapes from jails and prisons, then, according to the unmodified categori-

---

2. Section 4B1.2 defines "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
> U.S.S.G. § 4B1.2.

3. Section 4B1.1(a) provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of

either a crime of violence or a controlled substance offense.
U.S.S.G. § 4B1.1(a).

With certain limited exceptions not applicable here, section 4B1.1(b) provides: "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI." U.S.S.G. § 4B1.1(b).

4. Broussard also claims that he did not admit to the conviction for escape and that the district court never found that he had been convicted of escape. In fact, however, the judge did find that "the two predicate felonies, drug trafficking and crime of violence, which is a crime of escape, have been suffered and, in fact, are admitted by Mr. Broussard." Indeed, in response to the Presentence Report, Broussard stated in his objections that he pled guilty to the charge of escape and identified the statute he violated.

cal approach, a conviction for violating that escape statute does not qualify as a crime of violence for purposes of determining career offender status under the Sentencing Guidelines. *Id.* at 1088. Therefore, if the statute Broussard was convicted of violating included walkaway escapes, the conviction is not categorically a crime of violence under the unmodified categorical approach.

None of the documents the Government placed in the record identify exactly which statute Broussard pled guilty to violating. The documents simply state "Escape from Department of Corrections." According to Broussard, the statute was the 1984 version of 21 O.S. § 443. The Government does not attempt to explain which exact statute Broussard was convicted of violating, but argues that any conviction for an "escape" is a conviction for a crime of violence.

The version of section 443 in effect in 1984 [5] provided:

> A. Any person having been imprisoned in a county or city jail awaiting charges on a felony offense or prisoner awaiting trial or having been sentenced on a felony charge to confinement with the Department of Corrections who escapes from a county or city jail, either while actually confined therein, while permitted to be at large as a trusty, or while awaiting transportation to a Department of Corrections facility for execution of sentence, is punishable by imprisonment of not less than one (1) year nor more than seven (7) years.
>
> B. Any person who is an inmate confined in any institution or facility operated by the Department of Corrections who escapes from said confinement, either while actually confined therein or while permitted to be at large as a

trusty, shall be punishable by imprisonment of not less than two (2) years nor more than seven (7) years.

Okla. Stat. Tit. 21, § 443 (West 1983).

Thus, section 443 is not limited to escapes from prisons and jails; section 443 would have supported a conviction for a walkaway escape, which does not fit the Guidelines definition of "a crime of violence." Therefore, based on the statutory language alone, Broussard's escape conviction does not categorically qualify as a crime of violence.

When a prior conviction does not categorically qualify as a crime of violence based on the statutory language alone, the court applies the modified categorical approach. *Piccolo,* 441 F.3d at 1088 n. 7, 1089. The modified categorical approach permits the court to determine whether an earlier guilty plea necessarily admitted and supported a conviction that qualifies as a predicate offense by looking not only at the language of the criminal statute, but also at a written plea agreement, the transcript from the plea proceedings, the charging document, and any explicit factual finding by the prior trial judge to which the defendant assented. *Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). The sentencing court generally may not look beyond this record of conviction to determine whether the prior conviction is a predicate offense. *Id.*

Here, nothing in the record of conviction indicates exactly what Broussard pled guilty to doing. As a result, Broussard's conviction cannot be deemed a crime of violence under the modified categorical approach. We therefore hold that the Broussard was not convicted of a crime of

---

5. The version of section 443 in effect when Broussard pled guilty in May 1988 was identical to the version in effect in 1984 except that it included an additional clause related to a particular house arrest program. *See* Okla. Stat. Tit. 21, § 443 (West 1988).

violence and is not a career offender. We remand this case for the district court to resentence Broussard.

## Conclusion

The convictions are AFFIRMED and the case is REMANDED for resentencing consistent with this opinion.